1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| RELIASTAR LIFE INS. CO., | Case No. 2:14-cv-01157-JCM-PAL |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| GRAND HILLS RESORT AND COUNTRY CLUB, INC., et al. | |
| Defendants. | |

Before the court is the parties' Stipulated Protective Order (Dkt. #14), which the court approved to facilitate discovery in this case.  This order also reminds counsel that there is a presumption of public access to judicial files and records.  A party seeking to file a confidential document under seal must file a motion to seal and must comply with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

The court has adopted electronic filing procedures, and with a few exceptions not applicable here, the Clerk of the Court no longer maintains paper records.  Special Order 109 requires the Clerk of the Court to maintain the official files for all cases filed on or after November 7, 2005, in electronic form.  The electronic record constitutes the official record of the court.  Attorneys must file documents under seal using the court's electronic filing procedures. *See* LR 10-5(b).  That rule provides:

> Unless otherwise permitted by statute, rule or prior Court order, papers filed with the Court under seal shall be accompanied by a motion for leave to file those documents under seal, and shall be filed in accordance with the Court's electronic filing procedures.  If papers are filed under seal pursuant to prior Court order, the papers shall bear the following notation on the first page, directly under the case number: "FILED UNDER SEAL PURSUANT TO COURT ORDER DATED _____."  All papers filed under seal will remain sealed until such time as the Court may deny the motion to

1

1    seal or enter an order to unseal them, or the documents are unsealed
     pursuant to Local Rule.

2    The court has approved the parties' blanket protective order to facilitate their discovery

3    exchanges.  However, the parties have not shown, and court has not found, that any specific

4    documents are secret or confidential.  The parties have not provided specific facts supported by

5    affidavits or concrete examples to establish that a protective order is required to protect any

6    specific trade secret or other confidential information under Rule 26(c) or that disclosure would

7    cause an identifiable and significant harm.  The Ninth Circuit has held that there is a presumption

8    of public access to judicial files and records and that parties seeking to maintain the

9    confidentiality of documents attached to non-dispositive motions must show good cause exists to

10   overcome the presumption of public access.  *See Kamakana* 447 F.3d at 1179.  Parties seeking to

11   maintain the secrecy of documents attached to dispositive motions must show compelling

12   reasons sufficient to overcome the presumption of public access.  *Id.* at 1180.

13   Accordingly,

14   **IT IS ORDERED** that the parties shall comply with LR 10-5(b) and the Ninth Circuit's

15   opinion in *Kamakana*, 447 F.3d 1172 (9th Cir. 2006), when filing documents under seal.

16   Dated this 31st day of October, 2014.

17

18
     _____
     PEGGY A. LEEN

19   UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28

2