UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RELIASTAR LIFE INSURANCE COMPANY,<br><br>Plaintiff(s),<br><br>v.<br><br>GRAND HILLS RESORT AND COUNTRY CLUB, INC. and PATRICK HOWERTER,<br><br>Defendant(s). | Case No. 2:14-CV-1157 JCM (PAL)<br><br>ORDER |

Presently before the court is defendant Patrick Howerter's (hereinafter "Howerter") motion for summary judgment. (Doc. # 22). Defendant Grand Hills Resort and Country Club, Inc. (hereinafter "Grand Hills"), joined by the complaint in interpleader, responded, (doc. # 26), and Howerter replied. (Doc. # 30). Plaintiff ReliaStar Life Insurance Company (hereinafter "ReliaStar") was dismissed from this case prior to the filing of the instant motion. (Doc. # 21).

I.  **Background**

This matter involves a dispute over who is the beneficiary of a life insurance policy. (Doc. # 1). Kimberly Howerter (hereinafter "Kimberly") was hired by Grand Hills in October 2009, as an executive assistant and was paid approximately $1,200 a month. (Doc. # 30–1 at 7). On July 15, 2010, a life insurance policy application was completed, (doc. # 1 at 2), and signed by Kimberly and Frank Kattan (hereinafter "Kattan"), the CEO of Grand Hills.[1] (Doc. # 1 at 12). The application

---

[1] Kattan refers to himself as president in his affidavit, (doc. # 26–6 at 2), but wrote "CEO" in several places on the policy application. (Doc. #1 at 12). The difference is unimportant for the instant motion, and the court will simply refer to Kattan as CEO of Grand Hills in the instant motion in the interests of clarity.

**James C. Mahan**
**U.S. District Judge**

covered Kimberly as a key employee, named Grand Hills as the policy's owner and payer, and specified Kimberly's brother, Howerter, as the sole beneficiary. (Doc. #1 at 7–12).

ReliaStar issued insurance policy no. AD20322908 (hereinafter "the policy") on October 26, 2010, for the amount of $600,000. (Doc. # 1 at 1–2). Grand Hills owned the policy and paid its premiums. (Doc. # 26–6 at 2). Several years later, in October 2012, Kimberly ended her employment with Grand Hills for personal reasons. (Doc. # 31–1 at 7–8).

In September 2013, Kattan contacted an insurance agent for Silver Star Financial Group, Mei Wa Bai (hereinafter "Bai") to change the policy beneficiary from Howerter to Grand Hills. (Doc. # 26–6 at 2). Seeing no change to the policy's beneficiary, Kattan again contacted Bai in October 2013, inquiring why the beneficiary had not been changed and directing Bai to change the beneficiary to Grand Hills immediately. (*Id.*).

Kimberly died of pneumonia in Pittsburgh, Pennsylvania, on January 22, 2014, (doc. # 1 at 14), with all obligations of her life insurance policy performed and the premiums paid. (Doc. # 1 at 1–2). ReliaStar received the request for the beneficiary change from Howerter to Grand Hills on March 20, 2014, well after Kimberly's death. (Doc. #26–6 at 2). On April 21, 2014, Grand Hills filed a claim for the policy benefits. (Doc. # 1 at 16–17). On July 7, 2014, Howerter also filed a claim for the policy benefits. (Doc. # 1 at 20–21).

ReliaStar filed the instant case on July 14, 2014, interpleading both Grand Hills and Howerter as defendants. (Doc. # 1 at 1–3). ReliaStar then deposited the benefit amount of $600,000 with the court, minus $2,500 for authorized expenses, in exchange for being dismissed from the instant case. (Doc. # 21, 25). Discovery commenced on December 1, 2014. (Doc. # 19). ReliaStar was dismissed from this action on December 8, 2014, (doc. # 21), and Howerter filed the instant motion for summary judgment on December 24, 2014. (Doc. # 22).

**II.    Legal Standard**

The Federal Rules of Civil Procedure provide for summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is

**James C. Mahan**
**U.S. District Judge**

"to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

**James C. Mahan**
**U.S. District Judge**

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### III. Discussion

#### A. Grand Hills' request to deny or continue motion for summary judgment pursuant to Fed. R. Civ. P. 56(d) is deficient

As an initial matter, the court first addresses Grand Hills' request to continue or deny summary judgment under Federal Rule of Civil Procedure 56(d) (hereinafter "Rule 56(d)").[2] Rule 56(d) states that "if a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d)(2).

"The requesting party must show: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; [and] (3) the sought-after facts are essential to oppose summary judgment." *Family Home and Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008). Further, the burden is on the non-moving party to show that the sought-after facts would prevent summary judgment. *Blough v. Holland Realty, Inc.*, 574 F.3d 1084, 1091 (9th Cir. 2009) (citing *Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151, 1161 n.6 (9th Cir. 2001)). However, a Rule 56(d) request will fail if the moving party failed to

---

[2] Grand Hills' response refers to the request to deny or continue a motion for summary judgment under the old standard, Fed. R. Civ. P. 56(f). However, the 2010 Amendments to Rule 56, effective December 1, 2010, moved the provisions of subdivision (f) to subdivision (d) "without substantial change." *See* Fed. R. Civ. P. 56 advisory committee's note. Accordingly, the Court's Rule 56(d) analysis is informed by precedent construing the former Rule 56(f). *See Uy v. Wells Fargo Bank, N.A.*, 2011 WL 1235590, at *2 (D. Haw. Mar. 28, 2011).

James C. Mahan
U.S. District Judge

- 4 -

identify how the sought-after facts would preclude summary judgment. *Tatum v. City & Cnty. of San Francisco*, 441 F.3d 1090, 1100–01 (9th Cir. 2006).

A Rule 56(d) request should be granted when "a summary judgment motion is filed so early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case," that a non-moving party cannot oppose summary judgment. *Burlington Northern Santa Fe R.R. Co. v. Assiniboine and Sioux Tribes of the Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003). However, mere temporal proximity of a motion for summary judgment and start of discovery is not sufficient to grant a request if additional discovery would be futile or if the parties already know of or agree on the facts. *See generally id.*

Here, Grand Hills' Rule 56(d) request is deficient because it fails to meet the third requirement.[3] Grand Hills has provided the court with a list of facts it expects to obtain through additional discovery. (Doc. # 26–7). First, Grand Hills states that it needs to depose Bai. Grand Hills has since submitted a sworn affidavit by Bai providing the supporting facts that it seeks, (doc. # 31–1 at 2), thus eliminating the need for it to continue discovery for the purposes of deposing Bai.[4] Further, as the court will explain below, the facts that Bai provides in her affidavit are not material to summary judgment.

---

[3] Because "[t]he requesting party must show: (1) it has set forth *in affidavit form* the specific facts it hopes to elicit from further discovery; . . . ." (*Family Home and Fin. Ctr., Inc.* 525 F.3d at 827) (emphasis added), the court will only consider potential facts specified in Grand Hills' counsel's Rule 56(d) affidavit. (Doc. # 26–7 at 2).

[4] Here, Grand Hills wanted to depose Bai regarding (1) her knowledge regarding the formation of the contract; (2) that Grand Hills was to be the beneficiary of the policy; (3) that Patrick Howerter was only intended to be a contingent beneficiary; and (4) that Grand Hills filled out a change of beneficiary form and submitted it prior to Kimberly's death. (Doc. # 26–7 at 2).

Bai's affidavit satisfies these four items. First, she details her knowledge regarding the formation of the contract. (Doc. # 31–1 at 2 ¶ 2–5. Second, she states that Grand Hills was to be the beneficiary of the policy. (*Id.* at ¶ 5). Third, she states that Howerter was to be a contingency beneficiary. (*Id.* at ¶ 4). Finally, she states that Grand Hills filled out a change of beneficiary form and submitted it to Silver Star Financial Group prior to Kimberly's death. (*Id.* at ¶ 6–9). Therefore, for the purposes of this motion, the court will consider Bai's statements in her affidavit in the light most favorable to the non-moving party. This eliminates the need to consider additional discovery pertaining to Bai for this Rule 56(d) request.

**James C. Mahan**
**U.S. District Judge**

Second, Grand Hills seeks to depose Frank Wang (hereinafter "Wang") to (1) determine his understanding of the key person policy; and (2) who was intended to benefit from the policy. However, the discovery of these facts would not affect this motion's outcome as the facts have already been introduced for this motion through Bai's affidavit.[5] (*See* doc. # 31–1 at 2). Grand Hills details no other facts it expects to discover through the Wang's deposition. Therefore, Wang's deposition is not necessary to oppose this motion.

Third, Grand Hills seeks to depose the person most knowledgeable (hereinafter "PMK") for ReliaStar. (Doc. # 26–7 at 2). However, Grand Hills fails to point to any facts that it expects to discover that would create a genuine issue of material fact. The mere fact that Grand Hills wishes to explore this topic does not satisfy the requirement to grant its request.

Thus, Grand Hills has failed to specify any facts that would, if discovered, be essential to the opposition of this motion.

Grand Hills also argues that its Rule 56(d) request be granted because discovery has just started. (Doc. # 26 at 6–7). However, most (if not all) of the material facts are already known to Grand Hills. Further, Grand Hills points to no potential facts that would, if discovered, create a genuine issue of material fact. Thus, the mere existence of temporal proximity between the motion for summary judgment and the start of discovery is insufficient to sustain this Rule 56(d) request.

Because the remaining facts that Grand Hills wishes to discover are not essential to oppose summary judgment, and because most, if not all, of the material facts are known by Grand Hills, the court will deny its Rule 56(d) request to deny or continue the instant motion.

### B.  *Howerter's motion for summary judgment*

"The task of a federal court in a diversity action is to approximate state law as closely as possible in order to make sure that the vindication of the state right is without discrimination because of the federal forum." *Gee v. Tenneco, Inc.*, 615 F.2d 857, 861 (9th Cir. 1980). Federal

---

[5] To illustrate, if Wang is deposed, assuming he testifies to exactly as Grand Hills states, nothing changes. Hypothetically, Wang would state that Grand Hills obtained the policy on Kimberly because she was a key person. However, this fact is already under consideration by the court by Grand Hills' introduction of Bai's affidavit. (Doc. # 31–1 at 2 ¶ 2–5). Additionally, Wang would also testify that Grand Hills was supposed to benefit in the event of Kimberly's death. Again, this fact is already introduced to the court for this motion thru Bai's affidavit. (*Id.* at ¶ 5).

James C. Mahan
U.S. District Judge

- 6 -

courts "are bound by the pronouncements of the state's highest court on applicable state law." *Appling v. State Farm Mut. Auto. Ins. Co.*, 340 F.3d 769, 778 (9th Cir. 2003) (quoting *Ticknor v. Choice Hotels Int'l, Inc.*, 265 F.3d 931, 939 (9th Cir. 2001)).

"[T]he interpretation of a contract when the facts are not in dispute is a question of law." *Musser v. Bank of Am.*, 964 P.2d 51, 52 (Nev. 1998). If a contract is unambiguous, then the court must interpret and enforce it according to its plain meaning. *Farmers Ins. Exch. v. Young*, 832 P.2d 376, 380 n.3 (Nev. 1992). Thus, the court cannot consider extrinsic evidence, such as intent, unless it firsts find that the contract is ambiguous. *Id.* A contract is ambiguous when its "terms may be reasonably interpreted in more than one way, but ambiguity does not arise simply because the parties disagree on how to interpret their contract." *Galardi v. Naples Polaris, LLC*, 301 P.3d 364, 366 (Nev. 2013).

Here, both sides admit that the policy is not ambiguous. (Doc. # 22 at 8; doc. # 26 at 6). Therefore, the court must interpret the policy according to its plain meaning and ignore any extrinsic evidence.

It is beyond dispute that the requested change of beneficiary from Howerter to Grand Hills was not communicated to ReliaStar until after Kimberly's death. (Doc. # 1 at 3 n.4; doc. # 26–6 at 2; and doc. # 31–1 at 2). Thus, there is no dispute of material fact that Howerter was the primary beneficiary listed on the policy when Kimberly died.

Grand Hills provides a list of purportedly disputed facts that it argues should preclude summary judgment. However, those disputed facts are relevant only if they create a genuine issue of material fact within the four corners of the contract. They do not.

Nevada law requires the court to interpret an unambiguous contract according to the plain meaning contained within its four corners and to ignore extrinsic evidence. Grand Hills cites no binding authority under Nevada law that would permit the court to find otherwise. A plain reading of the contract states that the primary beneficiary listed at time of Kimberly's death is entitled to the benefits. All parties agree the primary beneficiary listed was Howerter. (Doc. # 1 at 3 n.4; doc. # 26–6 at 2; and doc. # 31–1 at 2). Therefore, absent any dispute of genuine material fact, and with

**James C. Mahan**
**U.S. District Judge**

- 7 -

Howerter unambiguously listed as the primary beneficiary on the policy at the time of Kimberly's death, the court will grant Howerter's motion for summary judgment.

The court does not reach other arguments put forth by the parties.

### IV. Conclusion

Based on the above analysis, the court finds that Grand Hills' request to deny or continue summary judgment under Rule 56(d) is deficient, and is therefore denied. Further, Howerter was the properly designated primary beneficiary at the time of Kimberly's death. Because Nevada law requires the court to interpret an unambiguous contract according to its plain meaning, the court holds that Howerter is the primary beneficiary. Therefore, Howerter's motion for summary judgment is granted.

For the foregoing reasons,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Howerter's motion for summary judgment (doc. # 22) be, and the same hereby is GRANTED, consistent with the foregoing.

The clerk shall enter judgment accordingly and close the case.

DATED March 27, 2015.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**